UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MATEO ALEJANDRO PEREZ LOPEZ,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No. 26-cv-04949-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Mateo Alejandro Perez Lopez filed a petition for a writ of habeas corpus seeking immediate release or a bond hearing. (Dkt. No. 1 ("Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner is a citizen of El Salvador who first entered the United States in October 2024. (*Id.* ¶¶ 1, 25.) Upon his entry, he was detained by immigration authorities and then released on parole. (*Id.*) Following his release, Petitioner lived in the United States and attended his required Immigration and Customs Enforcement ("ICE") check-ins. (*Id.* ¶¶ 25, 50.) Petitioner has a pending appeal with the Board of Immigration Appeals regarding the denial of his asylum application, and a pending Form I-360 petition for Special Immigrant Juvenile classification ("SIJS") before U.S. Citizenship and Immigration Services. (*Id.* ¶ 29.) On February 11, 2026, ICE re-detained Petitioner. (*Id.* ¶ 27.) Petitioner filed a habeas petition challenging his detention, and the court ordered respondents to provide him with a bond hearing under 8 U.S.C. § 1226(a). Order, *Perez Lopez v. Soto et al.*, No. 26-cv-01484 (D.N.J. July 14, 2026), at Dkt. No. 10. At the bond hearing, the Immigration Judge ("IJ") found Petitioner was a flight risk, and provided six enumerated factors on which the determination was based. (*Id.* at 32; Dkt. No. 4-1 at 4.)[1] However, nothing in the agency record

[1] Citations to page numbers refer to ECF pagination.

before the Court mentions Petitioner's pending SIJS petition, his prior 18 months of compliance with the requirements of his parole, or why release on similar conditions would be insufficient to ensure that Petitioner does not flee. Petitioner contends that the IJ violated his Fifth Amendment right to procedural and substantive due process by failing to provide "a constitutionally sufficient individualized assessment of whether continued detention was justified" and imposing "detention that is excessive in relation to any legitimate governmental purpose" (Counts I, III, IV). He also challenges the custody redetermination hearing as arbitrary and capricious under the Administrative Procedure Act, 5 U.S.C. § 706(2) for the same reasons. For the reasons stated below, the Petition is **GRANTED**.

Respondents' only response to the Petition is that Petitioner was required to exhaust his administrative remedies by appealing his bond determination. (Dkt. No. 4-1.) Respondents concede that, in this context, exhaustion is a prudential requirement rather than a jurisdictional one, and may be required if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation modified).

None of those factors weigh in favor of requiring exhaustion. First, "an administrative appellate record is not necessary to resolve the purely legal questions presented." *See id.* at 989. Second, failing to require exhaustion would not encourage bypass of administrative remedies, since this Court only has jurisdiction because Petitioner raises a colorable constitutional claim. *See id.* Finally, the "vast majority" of courts in this Circuit have waived exhaustion where an individual is suffering a constitutional injury due to his ongoing immigration detention, given that "several additional months may pass before the BIA renders a decision on a pending appeal." *Marroquin Ambriz v. Barr*, 420 F. Supp. 3d 953, 962 (N.D. Cal. 2019). Finally, Respondents raise the fact that Petitioner requested habeas relief once before, but do not explain how this fact bears on the prudential exhaustion analysis, especially given that the prior habeas

petition was successful. Accordingly, Petitioner did not need to appeal his denial of bond before filing the Petition.

Respondents have waived any argument going to the merits of Petitioner's due process challenges by failing to raise them in their Return. Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1002 (S.D. Cal. 2026). Petitioner has a significant private interest in remaining out of custody after his initial release. There is also a high risk of erroneous deprivation, since on the existing record the IJ failed to consider whether to release Petitioner on the alternative conditions to confinement that he had previously complied with. "There is simply no way for the government to know whether . . . an alternative condition would adequately serve" the "legitimate purpose of ensuring the non-citizen's presence at future hearings" if it does not consider that issue. *See Hernandez*, 872 F.3d at 991. As a result, due process requires IJs to consider alternative conditions to ameliorate risk of flight. *Id.* at 990–91, 994. To be sure, IJs need not consider alternative conditions after finding a noncitizen to be dangerous, since such a finding means detention is "clearly 'reasonably related' to the government's interest in protecting the public." *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citation omitted). But, where the sole concern is risk of flight, that assumption does not always make sense. *Cf. Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (requiring IJs to give "*some* weight" to alternatives to detention for non-dangerous individuals), *cert. granted sub nom. on other questions*, *Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026). Courts have repeatedly recognized that risk of flight is commonly addressed effectively through release conditions. As the Ninth Circuit has observed, "the Intensive Supervision Appearance Program—which relies on various alternative release conditions—resulted in a 99% attendance rate at all EOIR hearings and a 95% attendance rate at final hearings." *Hernandez*, 872 F.3d at 991. In light of the "empirically demonstrated effectiveness of such conditions at meeting the government's interest in ensuring future appearances," the Ninth Circuit has held that due process requires consideration of release conditions as an alternative to bond, when the sole

concern is risk of flight. *Id.* That logic applies with equal force to detention to ensure future appearances. As courts around the country have concluded, there is a significant risk of erroneously detaining noncitizens who might otherwise appear as required, if the IJ does not evaluate release on conditions. *See Alvarez Felix v. United States Dep't of Just.*, No. 26-cv-03304, 2026 WL 1719418, at *2 (C.D. Cal. June 10, 2026) (collecting cases). As to the third factor, any administrative cost is "easily outweighed by the reduction in the risk of erroneous deprivation of liberty." *See Hernandez*, 872 F.3d at 994. There is no evidence in the record that the IJ considered Petitioner's prior compliance with the conditions of his release, and whether re-releasing him on similar conditions would sufficiently mitigate the flight risk that Petitioner poses, especially in light of Petitioner's pending SIJS petition.

Accordingly, the Petition is **GRANTED**.[2] Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) by **September 30, 2026** at which the IJ **SHALL** consider whether less restrictive alternatives than detention could sufficiently mitigate Petitioner's flight risk in light of his prior compliance with the conditions of his release and his SIJS petition. If no bond hearing is held by **September 30, 2026**, Petitioner shall be released on **October 1, 2026**.

Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall close the case and enter judgment in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: September 16, 2026

RITA F. LIN
United States District Judge

---

[2] Because the Petition is granted pursuant to the procedural due process challenge, this Order does not reach Petitioner's other bases for challenging his detention.